IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MESUE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10 C 1994 |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| NORTHERN ILLINOIS UNIVERSITY | ) | |
| COLLEGE OF LAW, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT NORTHERN ILLINOIS UNIVERSITY COLLEGE OF LAW'S MOTION FOR TRANSFER OF VENUE**

Defendant, Northern Illinois University College of Law (hereinafter "NIU") by and through its attorney, LISA MADIGAN, Illinois Attorney General, respectfully moves this court to transfer venue of this action from the United States District Court for the Northern District of Illinois, Eastern Division to the United State District Court for the Northern District of Illinois, Western Division under 28 U.S.C. § 1404(a).  In support thereof, Defendant states as follows:

1.  Venue should be transferred in this case from the Northern District of Illinois, Eastern Division to the Western Division, as this case has numerous and significant connections to DeKalb, Illinois located in the Western Division.  Defendant NIU is located in DeKalb, Illinois. Additionally, the events complained of in this case; namely the allegedly discriminatory admissions decision regarding Plaintiff's application to NIU's law school, all took place at NIU in DeKalb.  Furthermore, all of the relevant documents in the possession of Defendant NIU, such as Plaintiff's application file and

admissions policies are all held and maintained in DeKalb.  *See* Exhibit A, Affidavit of Associate Dean for Student Services Leonard Mandell, ¶ 9-10.

    2.  Moreover, seven members of the Admissions Committee, who all work at NIU in DeKalb, are likely to be witnesses in this case and will testify as to the law school admissions process as well as the handling and decision making surrounding Plaintiff's law school application.  *See* Exhibit A, ¶ 3-8.  The convenience of the trial venue to the witnesses "is the factor often viewed as having the most weight in determining whether to transfer venue."  *Concrete Structures of Midwest, Inc. v. Treco Constr. Servs., Inc.,* 1996 WL 67213, at *4 (N.D.Ill. 1996), citing *Rose v. Fanchetti*, 713 F.Supp. 1203, 1214 (N.D.Ill. 1989).  Four members of the Admissions Committee, Professor of Law Mark W. Cordes and Associate Professors of Law Kathleen L. Coles, Adele M. Morrison and John A. Walton, reviewed Plaintiff's entire application package, including the document Plaintiff maintains is a request for special consideration due to an alleged disability, in February, 2008.  *See* Exhibit A, ¶ 4.  Upon further review, Committee Chair Associate Professor of Law David B. Gaebler, Associate Professor of Law Morrison, and Associate Dean for Student Services Leonard B. Mandell all recommended Plaintiff's application be rejected.  *See* Exhibit A, ¶ 6.  After being notified of the Committees decision, Plaintiff requested reconsideration of her previously submitted application package.  *See* Exhibit A, ¶ 7.  This reconsideration request was granted, and Plaintiff's full application package was reviewed and ultimately rejected by then-Interim Dean Malcolm Morris with input from Associate Dean Mandell.  *See* Exhibit A, ¶ 7-8.  Defendant NIU anticipates that all or most of these individuals will provide testimony during discovery

and possibly at trial regarding their roles and decisions with respect to Plaintiff's law school application.

3. The trial judge has discretion to transfer venue after a case-specific assessment. *Methode Electronics, Inc. v. Delph Automotive Systems LLC*, 639 F. Supp. 2d 903, 907 (N.D. Ill. 2009). Transfer is proper as long as "(1) venue is appropriate in the transferor court; (2) jurisdiction and venue are proper in the transferee court; and (3) transfer will serve the convenience of the parties and witnesses and the interests of justice." *Westchester Fire Ins. Co. v. Carolina Casualty Ins. Co.,* 2004 WL 170325, at *1 (N.D. Ill. 2004). Transfer of venue may be warranted where the case is at an initial stage, the transferee venue is the location of the material events, and the convenience to witnesses and parties on balance favors transfer. *See Concrete Structures,* 1996 WL 67213, at *5 (N.D. Ill. 1996).

4. Because there is no local rule in the Northern District requiring division venue, venue is proper in either the Eastern or Western Division. *Mesich v. Boone County*, 2003 WL 22284657, at *1 (N.D.Ill. 2003). Jurisdiction in the Northern District is undisputed. However, transfer of this case, which is at the initial stage, to the Western Division will "serve the convenience of the parties and witnesses and the interests of justice," as this case arose out of decisions made by NIU in the Western Division. *Westchester Fire*, 2004 WL 170325 at *1 (N.D.Ill. 2004), citing *Sornberger v. First Midwest Bancorp, Inc.*, 2002 WL 1182121 at *1 (N.D.Ill. 2002).

5. The only connection this suit has with the Eastern Division is that Plaintiff Jackson resides there. Courts give some weight to the plaintiff's choice of forum, but it is just one of the several factors to be balanced. *Clear Channel Outdoor, Inc. v. Rubloff*

*Oakridge Algonquin, L.L.C*, 2003 WL 22382999, at *3 (N.D.Ill. 2003).  Further, Plaintiff Jackson's home is located roughly halfway between the Western Division courthouse and the Eastern Division courthouse.  *Google Maps*, http://www.maps.google.com (last visited July 1, 2010).  According to Google Maps, commuting time from Plaintiff's home to the Western Division courthouse is not significantly longer than her commuting time to the Eastern Division courthouse—both are roughly a one-hour drive.  *See* Exhibit B, Google Directions from Plaintiff's address to both the Eastern Division and Western Division courthouses.

      6.  As the events giving rise to the claims in this case arose in the Western Division, Plaintiff's choice of her home forum is not a sufficient reason to retain venue in the Eastern Division.  *See Dunn v. Soo Line R. Co.*, 864 F.Supp. 64, 65 (N.D.Ill. 1994), ("where the conduct and events giving rise to the cause of action did not take place in the Plaintiff's selected forum, the Plaintiff's preference has minimal value,");  *Borgwarner, Inc. V. Hilite International, Inc.*, 2008 WL 3849908 at *3 (N.D.Ill. 2008.) (Plaintiff's preference becomes less important if the choice of forum has weak connections with the operative facts giving rise to the claim).

      7.  Therefore, because venue is proper in the Western Division and the suit's connections there are so much stronger than with the Eastern Division, Defendant NIU moves for a change of venue to the Western Division in the interest of justice.  Defendant NIU further requests that any answer or responsive pleading be continued until such time as the Court has ruled on the current motion.

5

                Respectfully submitted,

| | |
|---|---|
| | /s/ Meghan Maine |
| LISA MADIGAN | Meghan Maine |
| Illinois Attorney General | Assistant Attorney General |
| | General Law Bureau |
| | 100 W. Randolph St., 13th Floor |
| | Chicago, IL 60601 |
| | (312) 814-5165 |
| | mmaine@atg.state.il.us |