IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MESUE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10 C 1994 |
| v. | ) | |
| | ) | Judge Phillip Reinhard |
| NORTHERN ILLINOIS UNIVERSITY | ) | |
| COLLEGE OF LAW | ) | Magistrate Judge Michael Mahoney |
| | ) | |
| Defendant. | ) | |

**DEFENDANT NORTHERN ILLINOIS UNIVERSITY
COLLEGE OF LAW'S MOTION TO DISMISS**

Defendant, Northern Illinois University College of Law (NIU) by and through its attorney, Lisa Madigan, Illinois Attorney General, hereby requests this Honorable Court dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support thereof, Defendant NIU states as follows:

1. Plaintiff filed the present action against NIU claiming discrimination in the denial of her law school admissions application.

2. Specifically, Plaintiff claims (1) disability discrimination under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*; (2) race discrimination under 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; (3) sex discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; and (4) age discrimination under the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq*.

3. With respect to Plaintiff's race and sex discrimination, Plaintiff has failed to state a claim as there are no factual allegations connecting the denial of her law school application to her race or sex. Therefore, there is no plausible inference of discrimination. *See Sudduth v. Donnelly*, 2010 WL 887385, at *1 (7th Cir. 2010); *O'Donnell v. University of Chicago*, 2001 WL 1593141, at *4 (N.D. Ill. 2001).

4. Plaintiff's claims for race discrimination pursuant to 42 U.S.C. §1981 are further barred by the Eleventh Amendment, and also fail to state a claim as NIU is not a "person" subject to suit. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Kroll v. Bd. of Trustees of University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70–71 (1989); *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999).

5. Plaintiff's claims based on age discrimination fail as she has both failed to state a claim and failed to exhaust her administrative remedies. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). 42 U.S.C. § 6104(e); 34 C.F.R. §§ 110.31, 110.39.

6. Plaintiff's claims based on disability discrimination fail to state a claim, as she has not sufficiently alleged a disability and as she has alleged facts which demonstrate that she did not meet the admissions requirements of NIU. *Yates v. The John Marshall Law School*, 2009 WL 1309516, at *5 (N.D. Ill. 2009); *Radaszewski v. Maram*, 383 F.3d 599, 607 (7th Cir. 2004); *Yates*, 2009 WL at *5 n.11; *Southeastern Cmty. College v. Davis*, 442 U.S. 397, 413 (1979).

7. A memorandum of law is submitted in support of this motion.

WHEREFORE, for the foregoing reasons, Defendant NIU respectfully requests this Honorable Court dismiss Plaintiff's complaint in its entirety.

Respectfully submitted,

| | |
|---|---|
| LISA MADIGAN | /s/ Meghan Maine |
| Illinois Attorney General | Meghan Maine |
| | Assistant Attorney General |
| | General Law Bureau |
| | 100 W. Randolph St., 13th Floor |
| | Chicago, IL 60601 |
| | (312) 814-5165 |
| | mmaine@atg.state.il.us |

3