IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MESUE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10 C 1994 |
| v. | ) | |
| | ) | Judge Phillip Reinhard |
| NORTHERN ILLINOIS UNIVERSITY | ) | |
| COLLEGE OF LAW | ) | Magistrate Judge Michael Mahoney |
| | ) | |
| Defendant. | ) | |

**DEFENDANT NORTHERN ILLINOIS UNIVERSITY COLLEGE OF LAW'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, Northern Illinois University College of Law (NIU) by and through its attorney, Lisa Madigan, Illinois Attorney General, states the following in support of its Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6):

**INTRODUCTION**

Plaintiff, Mesue Jackson, alleges in her Complaint that she applied for admission to Defendant NIU for three consecutive years and that her application was denied each time. (Compl. ¶¶3–6, 11.) Plaintiff alleges (1) disability discrimination under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*; (2) race discrimination under 42 U.S.C. § 1981 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; (3) sex discrimination under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681; and (4) age discrimination under the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.*

Plaintiff has sued the other six law schools in the Northern District of Illinois, alleging that each law school discriminated against her on the basis of disability, race, sex, and age.[1] The seven complaints are virtually identical. Plaintiff alleges that she filed a complaint with the Department of Education's Office of Civil Rights (OCR), and that that office issued Plaintiff a Notice of Right to Sue under the ADA. (Compl. ¶¶ 7–8.) Plaintiff filed this suit against NIU, asking the court to grant her admission to NIU, a "full ride scholarship," $500,000 in cash, and payment of her undergraduate debt. NIU asks this court to dismiss Plaintiff's complaint because it fails to allege facts that support a claim for any kind of discrimination.

## **STANDARD FOR MOTION TO DISMISS**

A motion to dismiss tests the sufficiency of the complaint rather than the merits of the complaint. *Triad Assocs., Inc. v. Chi. Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss, the court must accept as true all well-pleaded factual allegations and construe those facts in the light most favorable to the plaintiff. *Michalwicz v. Vill. of Bedford Park*, 528 F. 3d 530, 534 (7th Cir. 2008). The complaint must contain sufficient factual content "to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff must plead more than bare unsupported conclusions, and the court must be able to at least infer "more than the mere possibility of misconduct" for the pleader to establish a viable claim. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). (citing Fed. Rule Civ. Proc. 8(a)(2)).

---

[1] *See Mesue Jackson v. University of Chicago Law School*, 10 CV 01991 (N.D. Ill. filed Mar. 30, 2010); *Mesue Jackson v. Northwestern University School of Law*, 10 CV 01986 (N.D. Ill. filed Mar. 30, 2010); *Mesue Jackson v. DePaul College of Law*, 10 CV 01982 (N.D. Ill. filed Mar. 30, 2010); *Mesue Jackson v. The John Marshall Law School*, 10 CV 01992 (N.D. Ill. filed Mar. 30, 2010); *Mesue Jackson v. Loyola University Chicago School of Law*, 10 CV 01985 (N.D. Ill. filed Mar. 30, 2010); *Mesue Jackson v. Chicago-Kent College of Law*, 10 CV 01988 (N.D. Ill. filed Mar. 30, 2010).

A Rule 12(b)(6) dismissal is appropriate where a plaintiff pleads himself out of court by alleging facts that necessarily preclude relief. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 810 (7th Cir. 2009). This is true even for pro se plaintiffs, who otherwise enjoy relaxed pleading standards. *Torrence v. Advanced Home Care, Inc.*, 2009 WL 144448 at *2 (N.D. Ill. May 21, 2009).

## ARGUMENT

**I. PLAINTIFF FAILS TO STATE A CLAIM FOR RACE OR SEX DISCRIMINATION, AND ANY CLAIM BASED ON RACE WOULD BE BARRED BY THE ELEVENTH AMENDMENT.**

**A. Plaintiff Fails to State Any Race or Sex Discrimination Claims Because She Alleges No Link Between NIU's Admissions Decisions and Any Protected Characteristics.**

Plaintiff alleges no connection between her race or sex and NIU's admission decisions. To state a Title VI or Title IX discrimination claim, Plaintiff must allege facts that could support a plausible inference on intentional discrimination. *See Sudduth v. Donnelly*, 2010 WL 887385, at *1 (7th Cir. 2010) (rejecting the sufficiency of Title VI discrimination claim because the complaint lacked facts that if true would support an inference of discrimination); *O'Donnell v. University of Chicago*, 2001 WL 1593141, at *4 (N.D. Ill. 2001) (rejecting the sufficiency of Title VI and Title IX claims). A complaint alleging the mere denial of admission to a school without presenting facts to connect the denial to discrimination does not state a claim because it does not allow the court to infer intentional discrimination, especially where the complaint identifies legitimate, nondiscriminatory reasons for the denial of admission. *O'Donnell*, 2001 WL at *4.

The only facts Plaintiff alleges about race or gender are that NIU has a low percentage of black and black female students, and that Plaintiff only saw two black

3

students at an open house. (Compl. ¶ 11.) Plaintiff never identifies her own race or gender in the Complaint, and never alleges that NIU knew or considered her race or gender in its admission decisions. In fact, had Plaintiff not listed the laws governing race and gender discrimination, Defendants would have no way of knowing that she might be complaining of such discrimination.

Moreover, Plaintiff pleads herself out of court by declaring her belief that NIU denied her application for a legitimate, nondiscriminatory reason. Plaintiff states that NIU "applied normal admissions standards," (Compl. ¶¶ 11, 13c.), and stated she was rejected because her "application was not considered competitive." (Compl. ¶11.) She goes so far as to list several reasons to support why her application was uncompetitive— such as a low LSAT score and a weak work history—and states that she "f[e]ll short of meeting a couple areas regarding [NIU's] admissions requirements." (Compl. 16.) Plaintiff alleges that NIU treated her like every other applicant, and her factual allegations demonstrate that she was unqualified for admission. This does not state a claim of race or sex discrimination because it provides no factual allegations to raise even a plausible right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *O'Donnell*, 2001 WL at \*4; *Deberry v. Davis*, 2010 WL 1610430 at \*4 (M.D.N.C. Apr. 19, 2010) (dismissing a race discrimination complaint for failure to admit to law school because it "did not identify concrete, factual circumstances that, if proven, would show purposeful, race-based discrimination").

**B.** **Plaintiff's Claims Pursuant To 42 U.S.C. §1981 Are Barred By The Eleventh Amendment, And As The State Is Not A "Person" Pursuant To 42 U.S.C. §1983.**

NIU cannot be made a defendant for a race discrimination suit brought under 42 U.S.C. § 1981. No state agency, including a state university, can be sued under

Section 1981 because, as arms of the state, they enjoy Eleventh Amendment immunity. Section 1981 suits may be brought against state officials via 42 U.S.C. § 1983, but the Eleventh Amendment prohibits claims under Section 1983 for monetary damages from being brought against a state, or state agency. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001), *Kroll v. Bd. of Trustees of University of Illinois*, 934 F.2d 904, 907 (7th Cir. 1991). As such, Plaintiffs Section 1981 (via Section 1983) claims for damages against NIU must be dismissed for lack of jurisdiction based on the Eleventh Amendment.

Furthermore, NIU as an agency of the State of Illinois is not a "person" within the meaning of Section 1983, and therefore cannot be subject to such a suit. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70–71 (1989); *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999). Therefore, as NIU is not a "person" subject to Section 1983 regardless of the relief sought, Plaintiff's Section 1981 claim as whole must be dismissed.

II. **PLAINTIFF'S AGE DISCRIMINATION ALLEGATIONS MUST FAIL BECAUSE SHE FAILS TO STATE A CLAIM AND THIS COURT LACKS JURISDICTION TO HEAR ANY CLAIM SHE MIGHT STATE**

   A. **Plaintiff Fails to State a Claim of Age Discrimination**

The same defects that plague Plaintiffs race and sex discrimination allegations are also evident in her age discrimination allegation. Plaintiff's age discrimination claim under the Age Discrimination Act of 1975, 42 U.S.C. § 6102, is factually deficient and should be dismissed. The court may only consider facts presented in the complaint to evaluate the complaint's sufficiency, and the court may not credit bare conclusory allegations. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)).

Plaintiff's single allegation of age discrimination states: "The defendant led me to believe that I was discriminated because . . . potentially, because [sic] of my age." (Compl. ¶ 11.) Plaintiff does not state her age, does not allege that NIU was aware of her age, and does not state any other facts connecting NIU's rejection of her application to her age. Her single conclusory statement does not provide any facts that would support an inference of discrimination, and therefore the claim should be dismissed.

## B. This Court Lacks Jurisdiction to Hear Any Age Discrimination Claim Because Plaintiff Failed to Exhaust Administrative Remedies

Even if Plaintiff had stated facts sufficient to support an age discrimination claim, this court lacks jurisdiction to hear any such claim. To bring a claim under the Age Discrimination Act of 1975, 42 U.S.C. § 6102, a plaintiff must first exhaust their administrative remedies. 42 U.S.C. § 6104(e). This entails filing a complaint with the Department of Education's Office of Civil Rights (OCR) within 180 days of a plaintiff gaining knowledge of discrimination. 42 U.S.C. § 6104(e); 34 C.F.R. §§ 110.31, 110.39.

The Complaint states that Plaintiff contacted the OCR about "the acts of discrimination indicated in this suit," but was only granted the right to sue for the ADA claim. (Compl. ¶¶ 7–8.) She indicates that an appeal from that decision is still pending with the OCR. (*Id.* at ¶ 7.) As the administrative process is ongoing, she has not exhausted her administrative remedies and her current federal suit lacks jurisdiction. Accordingly, Plaintiff's claim of age discrimination should be dismissed for want of jurisdiction.

## III. PLAINTIFF'S FAILURE TO SUFFICIENTLY ALLEGE A DISABILITY IS FATAL TO ANY CLAIMS FOR EITHER DISABILITY DISCRIMINATION OR FAILURE TO ACCOMMODATE A DISABILITY

### A. Plaintiff Pleads No Disability Sufficient to Establish a Claim of Disability Discrimination or Failure to Accommodate a Disability

6

Plaintiff fails to state a claim for disability discrimination under the ADA, 42 U.S.C. § 12132, because she does not sufficiently allege that she is disabled. To state a claim for disability discrimination, a plaintiff must first allege that she suffers from a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(c); *Yates v. The John Marshall Law School*, 2009 WL 1309516, at *5 (N.D. Ill. 2009) (dismissing an ADA disability discrimination claim because the complaint failed to allege how the plaintiff's identified physical and mental impairments substantially limited major life activities).

Plaintiff has not identified any mental or physical impairment. Plaintiff alleges, to explain a gap in her work history, that at some point in the past she was bedridden from an accident. (Compl. ¶ 11, 13.) She also identifies herself as "a physically disabled person," who is "permanently disabled." (*Id.* ¶ 14.) Plaintiff alleges no facts to support her legal conclusion that she is disabled, nor does she explain what she perceives her disability to be. She also does not explain what, if any, limitation her alleged impairment might have on major life activities. Therefore, this court should dismiss Plaintiff's disability discrimination claim for failure to state a claim upon which relief can be granted.

Unlike Plaintiff's other six complaints in suits against various other law schools, Plaintiff's complaint against NIU does not explicitly allege that she seeks a remedy under Section 504 of the Rehabilitation Act. However, even if this Court were to entertain such a claim, it would fail as well. Coverage for handicaps under the Rehabilitation Act is established the same way as for the ADA: by establishing an impairment that substantially limits one or more major life activities. *Radaszewski v. Maram*, 383 F.3d

599, 607 (7th Cir. 2004); *Yates*, 2009 WL at *5 n.11. To the extent that Plaintiff's allegations of failure to accommodate a disability might be construed to a identify a cause of action under the Rehabilitation Act, the allegations fail to state a claim because Plaintiff identifies no disability, as explained above

### B. Even had Plaintiff Successfully Alleged a Disability, Her Claims Based on Disability Do Not State a Claim Because NIU Is Not Required to Admit Her

Even if this Court were to further consider the merits of Plaintiff's disability claims, any claim under the Rehabilitation Act or ADA must fail because NIU would not be required to admit her. Neither the ADA nor Section 504 require a school to lower its admission standards to accommodate a person with a disability. *Southeastern Cmty. College v. Davis*, 442 U.S. 397, 413 (1979). Specifically, no law school is required to admit a disabled person with a low LSAT score. *Yates*, 2009 WL at *6.

Plaintiff admits several times in her Complaint that she does not meet the current admission standards for admission to NIU's law school and that she has a low LSAT score. (Compl. ¶¶ 11, 16.) According to Supreme Court precedent, NIU would not be required to lower its admission standards to admit Plaintiff even if she could establish a disability. Plaintiff therefore pleads herself out of court on her disability claims because she alleges facts that preclude relief, and her complaint should be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant NIU respectfully requests this Honorable Court dismiss Plaintiff's complaint in its entirety.

Respectfully submitted,

LISA MADIGAN
Illinois Attorney General

/s/ Meghan Maine
Meghan Maine
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Floor
Chicago, IL 60601
(312) 814-5165
mmaine@atg.state.il.us