Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 01994 | **DATE** | 11/30/2010 |
| **CASE TITLE** | Mesue Jackson vs. Northern Illinois University College of Law | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the age discrimination claim is dismissed without prejudice on plaintiff's motion. Defendant's motion to dismiss is granted. The claims for monetary damages under sections 1981 and 1983 are dismissed with prejudice. The other claims for race, sex and disability discrimination are dismissed without prejudice and plaintiff shall appear before this court on December 9, 2010 at 11 a.m. to inform the court whether she seeks to amend this complaint.

*Philip G. Reinhard*

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT - OPINION

Plaintiff, Mesue Jackson, pro se, brings this action against defendant, Northern Illinois University College of Law[1], asserting disability, race, and sex discrimination[2] in failing to admit plaintiff as a student in defendant's JD program. Plaintiff identifies The Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), Section 504 of the Rehabilitation Act (29 U.S.C. 794) Title VI (42 U.S.C. § 2000d), Title IX (20 U.S.C. § 1681), and sections 1981 and 1983 (42 U.S.C. §§ 1981 & 1983) as bases for the claims. Defendant moves to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

The court can glean from the complaint and briefs that plaintiff is a black woman who was injured in some type of accident. While she never identifies her disability in the complaint, she states in her brief that her physical disability is musculoskeletal arising from the accident. She applied for admission to defendant and was not admitted. She claims this was due to defendant's failure to accommodate her disability and due to discrimination based on her race and sex.

Plaintiff's damages claims under sections 1981 and 1983 are barred. The Eleventh Amendment bars suits for money damages against states or state agencies in federal court without the state's consent. See Keri v. Bd. of Tr. Purdue Univ., 458 F.3d 620, 641 (7th Cir. 2006). Further, a state is not a "person" subject to suit under section 1983. See Badger Catholic, Inc. v. Walsh, 620 F.3d 775, 781 (7th Cir. 2010). Plaintiff's claims for damages under sections 1981 and 1983 are dismissed with prejudice.

Neither the ADA nor the Rehabilitation Act requires a law school to lower its acceptance standards as an accommodation for a disabled person. Yates v. John Marshall Law School, No. 08 C 4127, 2009 WL 1309516, *6 (N.D. Ill. May 11, 2009) (Aspen, J.) (citing Southeastern Community College v. Davis, 442 U.S. 397, 413 (1979). Plaintiff alleges she was denied admission "only based on my low LSAT score." (Compl. ¶ 11) Defendant was not obligated to admit plaintiff despite her admittedly low LSAT score even if she were disabled under the ADA and Rehabilitation Act.

| STATEMENT - OPINION |
|---|

Plaintiff complains defendant failed to admit her under programs which defendant established to admit students who fall short of meeting the admissions standards. However, she does not allege any basis that would plausibly show disability discrimination as the reason she was not admitted under these programs. She does no more than plead the existence of the programs and says nothing about why an inference of discrimination arises from others rather than her being admitted to the programs.

Plaintiff also fails to adequately allege she is disabled. She does not plead what her disability is or how it substantially limits one or more major life activities. She simply makes the conclusory statement that it does. She has not alleged that her disability "negatively affect[s] her capacity to learn, to work, to sleep, care for herself or engage in physical activities, such as walking." Yates, 2009 WL 1309516 at *5. Plaintiff needs more than a conclusory allegation of disability to survive this motion to dismiss.

Plaintiff's race and sex discrimination claims rest on her allegations that she is a black woman and that defendant has a low percentage of black women and black students in its JD program. Title VI, Alexander v. Sandoval, 532 U.S. 275, 280 (2001), and Title IX, see Smith v. Metropolitan School Dist. Perry Tp., 128 F.3d 1014, 1028 (7th Cir. 1997), prohibit only intentional discrimination, so plaintiff's allegations must support an inference of intentional discrimination to allow for a monetary recovery. The types of conclusory allegations plaintiff states do not support such an inference. See O'Donnell v. University of Chicago, No. 01 C 5809, 2001 WL 1593141 (N.D. Ill. Dec. 13, 2001) (Manning, J.) (dismissing complaint under Title VI and Title IX for failure to allege facts tying the refusal to admit to plaintiff's race or sex).

For the foregoing reasons, the age discrimination claim is dismissed without prejudice on plaintiff's motion. Defendant's motion to dismiss is granted. The claims for monetary damages under sections 1981 and 1983 are dismissed with prejudice. The other claims for race, sex and disability discrimination are dismissed without prejudice and plaintiff shall appear before this court on December 9, 2010 at 11 a.m. to inform the court whether she seeks to amend this complaint.

---

1. She has filed similar cases in the Eastern Division of this District against six other law schools in Illinois.

2. She also brought an age discrimination claim but asks in her brief that it be voluntarily dismissed.